UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

MARSHALL BRUCE HOUSE, )
 )
    Plaintiff, )
 )
v. ) No. 6:20-CV-86-HAI
 )
 ) MEMORANDUM OPINION & ORDER
ANDREW SAUL, *Commissioner of Social* )
*Security*, )
 )
    Defendant. )
 )

\*\*\* \*\*\* \*\*\* \*\*\*

On June 13, 2017, Plaintiff Marshall Bruce House filed a protective Title II application for disability insurance benefits and a Title XVI application for supplemental security income. *See* D.E. 19-1 at 15, 58.[1] House dates the beginning of his disability period to December 31, 2016. *Id.* at 15. House claims he is disabled due to depression, anxiety, high blood pressure, psoriasis, mobility in his legs, response time, and pain in his back, hands, hips, and feet. *Id.* at 58-59, 173. The Social Security Administration denied House's claims initially on September 7, 2017, and upon reconsideration on December 13, 2017. *Id.* at 15. Then, on December 19, 2018, upon House's request, Administrative Law Judge ("ALJ") Phyllis Robinson conducted an administrative hearing. *Id.* The ALJ heard testimony from House and impartial vocational expert ("VE") Jane Hall. *Id.*

House was 61 years old at the alleged onset date. D.E. 19-1 at 21. His previous employment includes working as a transportation engineering aide and technician. *Id.* at 37-38. He has two years of college education. *Id.* at 21. The ALJ found House suffered the severe

---

[1] References to the administrative record are to the large black page numbers at the bottom of each page.

impairments of "degenerative disc disease of the lumbar spine and obesity." *Id*. at 17. However, these impairments were not severe enough to meet or medically equal a listed impairment. *Id*. at 19. The ALJ found that House "has the residual capacity to perform medium work." *Id*. at 20. The VE testified, and the ALJ found that, given his residual functional capacity, House could not perform any past relevant work but could make "a successful adjustment to other work that exists in significant numbers in the local economy." *Id*. at 24-26. The ALJ thus found that House was "not under a disability" between the alleged onset date and the date of the decision. *Id*. at 26.

House brings this action under 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of the ALJ's decision denying his application for disability insurance benefits. Both parties consented to the referral of this matter to a magistrate judge. D.E. 15; D.E. 16. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. D.E. 14. The Court, having reviewed the record and for the reasons stated herein, **DENIES** Plaintiff's motion for summary judgment (D.E. 21) and **GRANTS** the Commissioner's motion for summary judgment (D.E. 23).

## I. The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim.[2] The ALJ followed these procedures in this case. *See* D.E. 19-1 at 17-26.

---

[2] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

At the first step, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). In this case, the ALJ found that House had not engaged in substantial gainful activity since December 31, 2016, the alleged onset date. D.E. 19-1 at 17.

At the second step, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). The ALJ found that House experiences the severe impairments of degenerative disc disease of the lumbar spine and obesity. D.E. 19-1 at 17.

At the third step, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, then he is disabled. 20 C.F.R. § 404.1520(d). The ALJ found House failed to meet this standard. D.E. 19-1 at 19.

If, as here, a claimant is not found disabled at step three, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), which is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. The ALJ found House had the RFC "to perform medium work as defined in 20 C.F.R. 404.1567(c), except that he can frequently climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. The claimant can frequently stoop, kneel, crouch, and crawl." D.E. 19-1 at 20. In making this determination, the ALJ stated she considered House's underlying physical or mental impairments and whether they could reasonably cause House's pain or symptoms. *Id.* at 20. The ALJ determined that House's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." *Id*. at 21. But, the ALJ also found that House's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

---

*Id.* at 474 (internal citations omitted).

3

consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id*.

The ALJ noted in her opinion the persuasiveness of the reports of the state agency consultants despite them not having "a treating or examining relationship with the claimant . . . [or] the opportunity to review the complete medical evidence, personally observe the claimant's presentation at the administrative hearing, or listen to his testimony." *Id.* at 23. The ALJ found the reports of the state agency consultants were "consistent with the overall preponderance of the evidence and the consultants sufficiently explained the reasoning for their assessments with examples from the record." *Id.* at 23-24. Conversely, the ALJ also noted that she found the opinions of treating physician Dr. Maxey unpersuasive given they were based on "the claimant's reports of his ability rather than objective medical evidence." *Id.* at 24. Moreover, the ALJ pointed out that the limitations Dr. Maxey's opinions were "in the form of a checklist, which is not as persuasive as an in-depth written analysis which discusses the basis behind the opinion." *Id.*

At the fourth step, if a claimant's impairments do not prevent him from doing past relevant work (given the ALJ's assessment of his residual functional capacity), he is not disabled. 20 C.F.R. § 404.1520(f). The ALJ found that House was "unable to perform any past relevant work." D.E. 19-1 at 24.

At the fifth step, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from doing other work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g). The ALJ accepted the VE's testimony that House could find work as, for example, an assembler, a cleaner, or a hand packager. D.E. 19-1 at 25. These findings also meant that House was not disabled.

Accordingly, on April 11, 2019, the ALJ issued an unfavorable decision, finding that House was not disabled, and was therefore ineligible for disability insurance benefits. D.E. 19-1 at 26. The Appeals Council declined to review the ALJ's decision on February 14, 2020. *Id*. at 1-3.

House presents the following five arguments:

(1) The ALJ erred in determining that House "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." D.E. 21 at 1.

(2) The ALJ's RFC determination was erroneous. *Id.*

(3) The ALJ erred in finding that House can frequently stoop, kneel, crouch, and crawl. *Id.*

(4) The ALJ erred in "ingor[ing] the sum total of the evidence including that of the treating physician." *Id.* at 11.

(5) The ALJ's decision is not supported by substantial evidence. *Id.* at 1.

## II. Framework for Judicial Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Mullen*, 800 F.2d at 545; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

### III. House's Motion for Summary Judgment

House's memorandum in support of summary judgment contains sparse argument and largely consists of lengthy quotations from the Code of Federal Regulations and case law. The memorandum further consists of conclusory statements without any explanation or factual support and the "Statement of Legal Argumen[t]" section contains no Bates-number citations to the record. The Standing Scheduling Order for Social Security Actions warns that "[f]ailure to provide specific citations to the record may constitute grounds for denial of the motion." D.E. 20 at 4 ¶ 3(c). "The Court will not undertake an open-ended review of the entirety of the

administrative record to find support for the parties' arguments." *Id.* Because Plaintiff's memorandum in support of summary judgment fails to comply with paragraph 3(c) of the Standing Scheduling Order, the undersigned **FINDS** that Plaintiff's motion for summary judgment should be **DENIED**.

Even if Plaintiff's motion is not denied on these grounds, it should be denied on the merits. Plaintiff makes no argument that the ALJ did not apply the correct legal standards. Although House lists "The [ALJ's] decision is not supported by substantial evidence" as one of his legal arguments, the only reference to the controlling "substantial evidence" standard is found in a quotation from a 2013 District of Puerto Rico case. D.E. 21-1 at 6. With this single quote, House appears to argue that because "the ALJ failed to adequately explain why she didn't fully consider the report of the treating physician[,]" the Court cannot determine whether the ALJ's ultimate decision was supported by substantial evidence. D.E. 21-1 at 6. This argument is wholly without merit. The ALJ clearly and specifically explained why she found Dr. Maxey's opinion unpersuasive:

> Dr. Maxey issued the opinion in the form of a checklist, which is not as persuasive as an in-depth written analysis which discusses the basis behind the opinion. The doctor also noted that his assessment was based on the claimant's reports of his ability rather than objective medical evidence. Therefore, the undersigned has determined that Dr. Maxey's opinion is not persuasive.

D.E. 19-1 at 24; *see also Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566-67 (6th Cir. 2016) (ALJs "properly [give] a check-box form little weight where the physician provide[s] no explanation for the restrictions entered on the form and cite[s] no supporting medical evidence.").

Moreover, the ALJ explained that she found House's "allegations of disabling symptoms and limitations [to be] inconsistent with the evidence. D.E. 19-1 at 24. Rather, the ALJ found

the opinions of the State Agency consultants to be persuasive as they were "consistent with the overall preponderance of the evidence and the consultants sufficiently explained the reasoning for their assessments with examples from the record." *Id.* at 23-24. House's argument is unsupported by the record. Further, at no other point in his brief does House offer an argument that draws on the applicable standard of review. He offers mostly block-quotations of other sources and undeveloped declarations that the ALJ erred. In fact, House's fourth argument that the ALJ "ignored the sum total of the evidence including that of the treating physician" is nothing more than a conclusory heading with no support. D.E. 21-1 at 11. "Issues averted to in a perfunctory manner and without developed argumentation are deemed waived." *United States v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 782 F.3d 260, 264 n.2 (6th Cir. 2015), *cert. denied sub nom. Chattanooga-Hamilton Cnty. Hosp. Auth. v. U.S. ex rel. Whipple*, No. 15-96, 2015 WL 4468044 (U.S. Oct. 5, 2015). It is not a reviewing court's job to craft the petitioner's argument for him. *United States v. Stewart*, 729 F.3d 517, 528 (6th Cir. 2013), *reh'g denied* (Sept. 19, 2013), *cert. denied*, 134 S. Ct. 1044 (2014). House merely asks the Court to render a different decision from the ALJ. But the Court must apply a deferential standard of review. Even if House's motion for summary judgment were not denied for failure to comply with the Standing Scheduling Order, it would be denied on the merits.

### IV. The Commissioner's Motion for Summary Judgment

The Commissioner has also moved for summary judgment. D.E. 23. The Commissioner responds to House's arguments and asks the Court to uphold the ALJ's decision. *Id.* at 5, 13. Specifically, the Commissioner argues that:

- The ALJ did not err in finding that House's "depression, sleep apnea, obesity and/or back pain were not per se disabling under the listed impairments";

- The ALJ did not err in finding that House "could perform a range of medium work and could frequently stoop, kneel, crouch, and crawl despite his complaints of pain"; and

- The ALJ did not err "in discounting Dr. Maxey's questionnaire responses."

*Id.* at 5.

Under the applicable standard of review, the Commissioner's arguments are meritorious. No party argues that the ALJ applied the wrong legal standards, and the Commissioner points to evidence in the record that substantiates the ALJ's decision. Indeed, a review of the ALJ's decision (D.E. 19-1 at 15-26) shows that it was thoughtfully crafted and follows the applicable law. The ALJ's decision points to substantial evidence in the record to support each contested step of the sequential evaluation process and reasonably explains why House's testimony and Dr. Maxey's opinion were not wholly credible. In particular, the ALJ explained that, regarding his physical issues, House "described daily activities that require a higher level of exertion than he described being able to perform, such as regularly driving and going to see his mother several times per week." D.E. 19-1 at 24. As to his mental conditions, the ALJ explained that "the record does not support that [House] has experienced any more than mild limitations in any area of mental functioning." *Id*. No party has presented a cogent argument that the ALJ erred in so weighing these sources. Therefore, the Court has no basis on which to find that the ALJ's decision was not supported by substantial evidence.

## VI. CONCLUSION

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (D.E. 21) is **DENIED**;

(2) Commissioner's Motion for Summary Judgment (D.E. 23) is **GRANTED**;

(3) **JUDGMENT** will be entered in favor of the Defendant by separate contemporaneous order.

This the 8th day of June, 2021.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge